IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS EDWARD PORTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 06-1520 |
| ) | |
| TIMOTHY WAKEFIELD, ) | |
| et al., ) | |
| ) | Judge David S. Cercone |
| Respondents. ) | |
| ) | Magistrate Judge |
| ) | Francis X. Caiazza |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus filed by Thomas Edward Porter pursuant to the provisions of 28 U.S.C. § 2254 be dismissed because the court lacks subject matter jurisdiction. Also, it is recommended that a Certificate of Appealability be denied.

**II. REPORT**

The Petitioner, Thomas Edward Porter ("Porter"), is a state prisoner incarcerated at the State Correctional Institution at Greensburg, Pennsylvania. Presently before this Court is his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1). The Clerk of Courts received the petition on November 1, 2006.

In the petition, Porter seeks to challenge his convictions of robbery and burglary entered at criminal docket number

1

19913113 in the Court of Common Pleas of Allegheny County. On March 29, 2001, the state trial court sentenced him to consecutive sentences of forty-eight to ninety-six months at the burglary conviction and ninety-six to 192 months at the robbery conviction.

This is not the first federal challenge that Porter has directed at his robbery and burglary convictions at issue. On March 5, 2005, he filed a federal habeas corpus petition in this Court at Civil Action No. 05-291 challenging those same convictions. On December 12, 2005, the undersigned issued a Report and Recommendation. (C.A. No. 05-291, Doc. 9). On January 20, 2006, the Honorable Judge David S. Cercone denied Porter's petition on the merits, denied a certificate of appealability, adopted the Report & Recommendation as the opinion of the court, and closed the case. (C.A. No. 05-291, Doc. 11). The Court of Appeals for the Third Circuit denied Porter's subsequent request for a certificate of appealability on July 6, 2006.[1] (C.A. No. 05-291, Doc. 18).

Because the instant petition is Porter's second federal habeas corpus petition, it is subject to the certification requirements set out at 28 U.S.C. § 2244(b), a provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

---

[1] On November 8, 2006, Porter filed with the Court of Appeals another request for a certificate of appealability. That request is docketed at Case Number 06-4678 and is currently pending.

28 U.S.C. § 2244(b)(1). The Court must address the issues presented by a second petition sua sponte because it implicates subject matter jurisdiction. Benchoff v. Colleran, 404 F.3d 812, 815 (3d Cir. 2005) (citing Robinson v. Johnson, 313 F.3d 128, 138 (3d Cir. 2002)).

Section 2244 establishes the procedural and substantive requirements which govern "second or successive" habeas petitions. See e.g., Benchoff, 404 F.3d at 816. As the Court of Appeals recently explained, § 2244(b) "establishes a gatekeeping mechanism that requires a prospective applicant to file in the court of appeals a motion for leave to file a second or successive habeas application in the district court." Id. (internal citations and quotations omitted). The allocation of gatekeeping responsibilities to the Court of Appeals provided by Section 2244(b)(3)(A) of AEDPA has essentially divested the district courts of subject matter jurisdiction over habeas petitions that are second or successive filings. See e.g., Robinson, 313 F.3d at 140.

A review of the computerized dockets of the Court of Appeals shows that Porter has not sought nor received from the appeals court permission to file a second or successive petition. Therefore, Porter's instant habeas petition must be dismissed because this Court lacks subject matter jurisdiction. Benchoff, 404 F.3d at 815; Robinson, 313 F.3d at 140; see also Rule 9 of

the Rules Governing Habeas Corpus Cases Under Section 2254 ("[a] second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits.")

### III. CONCLUSION

It is recommended that, pursuant to 28 U.S.C. § 2244(b) and Rule 9 of the Rules Governing Habeas Corpus Cases Under Section 2254, the Petition for Writ of Habeas Corpus be DISMISSED because Porter failed to move for and receive from the United States Court of Appeals for the Third Circuit an order authorizing the District Court to consider this successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A). It is further recommended that a certificate of appealability should not issue, because "jurists of reason" would not find the correctness of this procedural ruling "debatable." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, Porter is allowed ten (10) days from the date of service to file objections to this Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights.

*Francis X. Caiazza*
Francis X. Caiazza
United States Magistrate Judge

Dated: November 30th, 2006.

4

cc:  The Honorable David S. Cercone

    Thomas Edward Porter
    FP-4721
    SCI Greensburg
    R.D. 10, Box 10
    Greensburg, PA 15601